930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Brock COGDILL, Petitioner-Appellant,
v.
Richard S. LINDLER, Warden, Attorney General of South
Carolina, Respondents-Appellees.
 No. 91-7253.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 20, 1991.
Decided April 11, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. G. Ross Anderson, Jr., District Judge. (CA-89-646)
 Robert Brock Cogdill, appellant pro se.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, S.C., for appellees.
 D.S.C.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, K.K. HALL and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Brock Cogdill appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Cogdill's petition was referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. Sec. 636. The district court adopted the magistrate judge's report and recommendation without de novo review because no objections from Cogdill were filed. See Thomas v. Arn, 474 U.S. 140 (1985). On appeal Cogdill claims that he sent his objections to the district court but the Clerk of the Court refused to file them and instead returned them to Cogdill because the objections did not include a certificate of service. Cogdill also contends that he then served opposing counsel and sent the objections back to the district court.
 
 
 2
 Fed.R.Civ.P. 5(d) states that "[a]ll papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter...." Cogdill contends that instead of filing his objections and then requiring him to serve opposing counsel, the district court clerk refused to file the objections and returned them.
 
 
 3
 As discussed by the Second Circuit, a refusal to file is problematic because it prevents the litigants from forming a record for appeal. IBM v. Edelstein, 526 F.2d 37, 45 (2d Cir.1975). Rule 5(d) clearly contemplates that filing can occur before service. Therefore, if the district court clerk refused to file the objections due to lack of service this refusal was improper. The better practice would have been to file the objections and then instruct the litigant that he needed to complete service.
 
 
 4
 The record on appeal does not show whether Cogdill did indeed send objections to the district court or whether the clerk refused to file these objections for lack of service. Also, the record does not show whether Cogdill has served opposing counsel. Therefore, we grant a certificate of probable cause and remand this case to the district court for a determination of whether Cogdill sent his objections to the court within the prescribed time period. If Cogdill's objections were submitted in a timely manner, then the district court should determine if opposing counsel has been served. If Cogdill has complied with the applicable rules then de novo review is appropriate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 VACATED AND REMANDED.